IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT B. HARRIS, on behalf of himself and others similarly situated, Plaintiff, | ) ) ) ) ) | 1:11-cv-3157 Judge Castillo |
| v. | ) ) | |
| PALISADES ACQUISITION XVI, LLC, ARTHUR B. ADLER & ASSOCIATES, LTD, Defendant. | ) ) ) ) | JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

**<u>CLASS ACTION</u>**

1.  The Illinois Collection Agency Act, 225 ILCS 425/14, 14b, effective January 1, 2008, prohibit a person from acting as a debt collection agency unless that person is registered with the Illinois Department of Financial Institutions. Violations constitute a class A misdemeanor, and collection actions taken by an unregistered collection agency while are void. *LVNV Funding, LLC v. Trice*, __ N.E.2d __, 2011 WL 947129 (1st Dist. Mar. 16, 2011), reconsideration denied in subsequent not yet published amended opinion June 30, 2011.

2.  According to the Illinois department of professional regulation, <u>Exhibit A</u>, the Palisades entity herein was not licensed until January 14, 2011. All collection efforts of, or on behalf of, Palisades between January 1, 2008 and January 14, 2011 are therefore void.

3.  Plaintiff thus seeks damages for himself and a class pursuant to the Fair Debt Collection Practices Act and the Illinois Consumer Fraud Act. Plaintiff also seeks certification of a class of persons toward whom any collection efforts were taken by Palisades or any party on its behalf between January 1, 2008 and January 11, 2011, for violations of the Illinois Consumer

1

Fraud Act, and a declaration that any actions taken by or on behalf of Palisades Acquisition XVI, LLC that touch Illinois during that period are void.

## JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA).

5. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

## PARTIES

6. Plaintiff is an individual who resides in this District. The alleged debt that is the subject of this litigation, if incurred, would have been a consumer credit account incurred for family or household purposes.

7. Palisades Acquisition XVI, LLC is a debt collector as defined by both the FDCPA, 15 U.S.C. §1692a(6), and the Illinois Collection Agency Act, 425 ILCS 425/2, and is located in Englewood Cliffs, New Jersey. Palisades collects primarily consumer debts.

8. Defendant Arthur B. Adler & Associates, LTD. ("Adler") is a debt collection law firm located in the City of Chicago. Palisades hired Adler to collect the alleged debt of plaintiff and others.

## FACTS

9. A debt collection agency and debt buyer called Colonial Credit Corporation sued plaintiff in the Circuit Court of Cook County to collect an alleged consumer debt in 20007, case number 07 M1 121386. At some point, during or before March 2007, the debt was transferred to Palisades. Palisades pursued, and plaintiff defended, the case until July 31, 2008, when it

2

was dismissed by agreement of the parties on the date of trial. Upon information and belief, Palisades dismissed the case because it did not have evidence sufficient to prove its case that day at trial. Exhibit B.

10. In fact, plaintiff never owed the debt that is the subject of the state court lawsuit.

11. More than two years later, and in spite of the fact that the case had been previously dismissed by agreement, Palisades hired a new lawyer in 2010, Adler & Associates, which sent plaintiff the dunning letter attached as Exhibit C, on November 9, 2010.

12. On December 22, 2010, Adler & Associates issued a citation to discover assets to plaintiff's bank, JP Morgan Chase. Exhibit D. JP Morgan Chase froze $11,515.58 of plaintiff's money on January 3, 2011. Exhibit E.

13. Although plaintiff notified Adler that the case had been dismissed and the citation improper, defendants did not withdraw the citation.

14. This money was unavailable to plaintiff until after a court appearance on March 4, 2011, when an order was entered, after the Court heard argument, indicating that the court found "that the prior judgment was vacated." The order also states that "All supplementary proceedings dismissed." Exhibit F.

15. A check of the Cook County online case information docket would have shown defendants that the original case against Harris had been dismissed by agreement, on July 31, 2008. Exhibit G.

16. According to the Illinois Department of Professional Regulation website, Defendant Palisades Acquisition XVI, LLC was not registered as a debt collector by the State of

Illinois until January 14, 2011. Exhibit A. Upon information and belief, the information as to defendant Palisades Acquisition XVI, LLC, in Exhibit A is true.

17. Defendant Palisades, and Adler on behalf of Palisades, took steps to collect a debt from plaintiff during the period after and including January 1, 2008, and before January 14, 2011.

18. Upon information and belief, based upon a search of public records through Westlaw, Palisades took action (e.g. obtained judgment, filed suit or garnished monies) in more than 900 Illinois debt collection lawsuits between the dates of January 1, 2008 and January 14, 2011. Exhibit F.

19. Defendant Palisades took action in at least 50 Illinois debt collection lawsuits between the dates of January 1, 2008 and January 14, 2011.

20. Upon information and belief, defendant or some person on its behalf collected money on more than 100 Illinois accounts between January 1, 2008 and January 14, 2011.

**CLASS ALLEGATIONS**

21. Plaintiff brings this case on behalf of a class and a subclass pursuant to Fed.R.Civ.P. 23(b)(3), which consist of:

> ICFA Class: All persons located in Illinois from whom defendant or some person on its behalf attempted to collect, where any wrongful act, attempt to collect or collection happened between and including a date three years before filing of this lawsuit, and January 14, 2011.
>
> FDCPA subclass: all of the above persons from whom any wrongful act or omission, attempt to collect or collection happened within one year of the filing of this lawsuit.

22. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including

4

plaintiff. The predominate question is whether defendant was entitled to collect or attempt in Illinois given its registration status between January 1, 2008 and January 14, 2011.

23. Numerosity is met. Upon information and belief, based upon a search on the Westlaw online database, defendant took action as a public record in more than 50 Illinois collection cases during the period in question.

24. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing all claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

25. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

26. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

27. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.

28. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying

adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

29. Most class members are likely unaware that their rights have been violated.

30. The identity of the class is likely readily identifiable from defendant records and/or the records of its clients.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

## COUNT I – FDCPA – CLASS COUNT

32. Plaintiff incorporates all previous paragraphs. This Count is against Palisades.

33. It is a violation of the FDCPA to collect debts when one is not legally entitled to do so.

34. For example, 15 U.S.C. §1692f(1) states:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

35. Palisades collected and attempted to collect amounts from plaintiff and others that were not permitted by the ICAA, 225 ILCS 425/14 & 14b.

36. The FDCPA 15 U.S.C. §1692e(6) states:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**\*\*\*\***
   **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

6

37. Palisades threatened to take, and took, actions it was not legally entitled to take when it or others on its behalf attempted to collect, or collected, monies from Illinois consumers while it was not registered as a debt collector in Illinois, in violation of 225 ILCS 425/14 & 14b.

38. Plaintiff and the class have been damaged by defendant's illegal conduct.

WHEREFORE, plaintiff prays this Court to enter judgment in favor of plaintiff and the class and against defendant Palisades for:

(a) Statutory damages;

(b) Actual damages;

(c) A declaration that defendant's conduct violated the FDCPA;

(d) Attorney's fees and costs; and

(e) Any other relief the Court finds just and proper.

**COUNT II – Illinois Collection Agency Act – Class Count**

39. Plaintiff incorporates all previous paragraphs. This Count is against Palisades.

40. The Illinois Collection Agency Act, 225 ILCS 425/14 & 14b, prohibit a person from acting as a debt collector unless that person is registered with the Illinois Department of Financial Institutions. This requirement was effective January 1, 2008.

41. Defendant Palisades Acquisition XVI, LLC was not registered with the Illinois Department of Financial Institutions until January 14, 2011.

42. A violation of the Illinois Collection Agency Act is a *per se* violation of the Illinois Consumer Fraud Act. Collecting in Illinois without being registered is unfair within the meaning of the ICFA, and is also deceptive, because, in collecting and attempting to collect, defendant

was making a representation to consumers that it was entitled to collect, when it really was not.

43. All collection efforts, and amounts collected, by Palisades or any person on its behalf between these dates were illegal. The consumer subjects of these collection efforts are entitled to recover their actual damages incurred as a result of these violations.

44. There exists a private right of action under the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21,392 N.E.2d 154 (1st Dist. 1979); *Herkert v. MRC Receivables Corp*., 655 F.Supp.2d 870, 881 (N.D.Ill. 2009).

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and the Class and against defendant for:

(a) Compensatory and punitive damages;

(b) A declaration that defendant's conduct violated the ICAA;

(c) Attorney's fees and costs; and

(d) Any other relief the Court finds just and proper.

## COUNT III – Illinois Consumer Fraud Act

45. Plaintiff incorporates all previous paragraphs. This Count is against Palisades.

46. Palisades had its attorney Adler issue a citation to discover assets for a case that had previously been dismissed by agreement, and was not pending.

47. Plaintiff's bank account was frozen as a result of the citation.

48. Although plaintiff brought the situation to Adler and Palisades' attention, defendants refused to withdraw the citation for several weeks.

49. Issuing and pursuing a citation to discover assets for a debt collection case that is not pending is unfair within the meaning of the Illinois Consumer Fraud Act.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against defendants for:

(a) Compensatory and punitive damages;

(b) A declaration that defendant's conduct violated the ICAA;

(c) Attorney's fees and costs; and

(d) Any other relief the Court finds just and proper.

### COUNT IV – Malicious Use of Process

50. Plaintiff incorporates all previous paragraphs. This Count is against Palisades and Adler.

51. Palisades had its attorney Adler issue a citation to discover assets for a case that had previously been dismissed by agreement, and was not pending. This was an improper use of the Illinois court process.

52. Palisades and Adler also refused to withdraw their citation once they had been notified that it was improper. This was also an improper use of Illinois court process.

53. At a court hearing in March 2011, the citation against Harris was dismissed.

54. Defendants had a malicious intent in instigating the citation to discover assets.

55. Plaintiff's bank account was improperly frozen as a result of the citation, and he did not have access to substantial funds as a direct and proximate result of defendants' improper use of the court system.

9

Case: 1:11-cv-03157 Document #: 23 Filed: 07/20/11 Page 10 of 13 PageID #:101

56. Although plaintiff brought the situation to Adler and Palisades' attention, defendants refused to withdraw the citation for several weeks.

57. Plaintiff was otherwise damaged by defendants' conduct, too.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against defendants for:

    (a) Compensatory and punitive damages;

    (b) A declaration that defendant's conduct constituted an abuse of process under Illinois law;

    (c) Attorney's fees and costs; and

    (d) Any other relief the Court finds just and proper.

## COUNT V – FDCPA

58. Plaintiff incorporates all previous paragraphs. This Count is against Adler.

59. It is unfair and unconscionable, and a violation of the FDCPA, 15 U.S.C. §§ 1692e and 1692f, to issue and pursue a citation to discover assets, and freeze the assets, of a person against whom there is no current judgment.

60. It is also unfair and unconscionable, and a violation of the FDCPA, to refuse to withdraw a citation to discover assets when the alleged debtor brings to a debt collector's attention that it has issued a citation to discover assets in a case that has been closed for two years, and for which there is no current judgment. Adler violated the FDCPA in taking these actions and making these omissions.

    (a) Statutory and actual damages;

  (b)  A declaration that defendant's conduct constituted a violation of the FDCPA;

  (c)  Attorney's fees and costs; and

  (d)  Any other relief the Court finds just and proper.

    Respectfully submitted,

    /s/Alexander H. Burke

## BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020  
Chicago, IL 60601  
(312) 729-5288  
(312) 729-5289 (fax)  
ABurke@BurkeLawLLC.com  
www.BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

    Respectfully submitted,

    /s/Alexander H. Burke

## BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020  
Chicago, IL 60601  
(312) 729-5288  
(312) 729-5289 (fax)  
ABurke@BurkeLawLLC.com  
www.BurkeLawLLC.com

**Document Preservation Demand**

      Plaintiff hereby demands that defendant preserve all documents, data, information and other things that are related to plaintiff, the class members and the allegations in this lawsuit, including this complaint. If any such information is in the custody or control of third parties, plaintiff demands that defendant take all steps necessary to ensure that such third parties preserve such documents, data, information and other things.

      Materials should be preserved in native format, in such a way that they can be accessed and manipulated later, in the same way that they are accessible now. For example, a database should be preserved so that queries can be made; not just so that the data has been saved.

      Plaintiff's counsel requests that defendant instruct its lawyer to meet and confer about these matters immediately.


      /s/Alexander H. Burke


**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

# Exhibit G